UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Patrick H., <br><br> Petitioner, <br><br> v. <br><br> Secretary of Department of Homeland Security; Jefferson Sessions, Attorney General; Scott Baniecke, ICE Field Office Director; and Kurt Freitag Freeborn County Sheriff, <br><br> Respondents. | Case No. 18-cv-1841 (NEB/HB) <br><br><br> **REPORT AND RECOMMENDATION** |

Patrick H., Kandiyohi County Jail, 2201 23rd Street Northeast, #101, Willmar, MN 56201, *pro se*

Ana H. Voss, Ann M. Bildtsen, and Friedrich A.P. Siekert, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents Secretary of Department of Homeland Security, Atty General Jefferson Sessions, and Scott Baniecke

David John Walker, Freeborn County Attorney's Office, 411 South Broadway Avenue, Albert Lea, MN 56007, for Respondent Kurt Freitag

HILDY BOWBEER, United States Magistrate Judge

On July 2, 2018, Petitioner Patrick H. filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his custody by U.S. Immigration and Customs Enforcement ("ICE"). (*See* Pet. [Doc. No. 1].) For the reasons set forth below, the Court recommends that the Petition be denied in part, denied without prejudice in part, dismissed as moot in part, and dismissed for lack of jurisdiction in part.

1

**I.     Background**

    **A.     Petitioner's Personal Background**

Petitioner is a sixty-year-old native and citizen of Trinidad and Tobago, who was admitted to the United States as a lawful permanent resident in 1980. (Pet'r's Ex. 1 at 2 [Doc. No. 1-1]; First Van Der Vaart Decl. ¶ 5 [Doc. No. 14], Ex. F at 3 [Doc. No. 14-6].)[1] Prior to 2014, Petitioner had several convictions in New York and Florida for various theft and controlled substance offenses. (First Van Der Vaart Decl. ¶ 6, Ex. A at 2–4 [Doc. No. 14-1].) Relevant to these proceedings, on November 19, 2014, a federal grand jury returned an indictment charging Petitioner with: (1) Possession of a Firearm by a Prohibited Person under 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (2) Possession of a Stolen Firearm under 18 U.S.C. §§ 922(j) and 924(a)(2). (Pet'r's Ex. 2 at 8.) Petitioner was tried by a jury in the United States District Court for the District of South Dakota and convicted on both counts. (Resp. to Pet. at 2; First Van Der Vaart Decl. ¶ 7, Ex. B at 10 [Doc. No. 14-2].) On direct appeal, the Eighth Circuit affirmed Petitioner's criminal convictions. *United States v. Harding*, 864 F.3d 961, 965 (8th Cir. 2017).

    **B.     The Removal and Habeas Proceedings**

On January 24, 2018, the DHS arrested Petitioner and initiated removal proceedings against him. (First Van Der Vaart Decl., Ex. A.) Specifically, the DHS alleged that Petitioner's two federal firearms convictions rendered him removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") as an alien convicted

---

[1] Citations to the exhibits attached to both Van Der Vaart Declarations follow the CM/ECF pagination.

of an aggravated felony, as that term is defined in 8 U.S.C. § 1101(a)(43)(E). (First Van Der Vaart Decl., Ex. A at 5.) On April 5, 2018, an Immigration Judge ("IJ") denied Petitioner's request for a continuation of his visa and ordered him removed to Trinidad and Tobago. (First Van Der Vaart Decl. ¶ 10, Ex. E at 1 [Doc. No. 14-5].) Petitioner appealed the IJ's decision on May 4, 2018, to the Board of Immigration Appeals ("BIA"). (First Van Der Vaart Decl. ¶ 11, Ex. F [Doc. No. 14-6].)

Meanwhile, on July 2, 2018, Petitioner filed his federal habeas Petition in this Court, raising the following challenges to the constitutionality of his detention: (1) his conviction "lack[ed] aggravating factors to render him removed"; and (2) his detention is "prolonged" and violates due process. (Pet. Ex. 1 at 2 [Doc. No. 1-1].) He requests immediate release on supervision. (*Id.*) On the date he filed the Petition, Petitioner was deemed a criminal alien awaiting a final removal order, and thus subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).

This Court issued an Order on July 5, 2018, directing Respondents to address three questions in their response to the Petition: (1) whether Petitioner was ordered removable for having committed an "aggravated felony," pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), and, if so, whether that classification was called into doubt by *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); (2) if Petitioner's aggravated felony classification no longer applied, whether the Attorney General adequately considered waiver of deportation pursuant to 8 U.S.C. § 1229(b); and (3) whether the duration of Petitioner's detention comported with *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Order at 2, July 5, 2018 [Doc. No. 3].) On August 10, 2018, Respondents filed their response to the Petition, but they

3

did not address two of the three questions posed by the Court in the July 5 Order.  (*See* Resp. to Pet. [Doc. No. 13].)  Therefore, on October 9, 2018, this Court issued an additional order directing the Respondents to file a supplemental response addressing the two unanswered questions.  (Order at 2, Oct. 9, 2018 [Doc. No. 23].)  Respondents filed their supplemental response on October 17, 2018.  (Suppl. Resp. to Pet. [Doc. No. 24].)

In the supplemental response, Respondents advised the Court that on September 26, 2018, the BIA dismissed Petitioner's appeal, thus rendering his removal order final.  (Second Van Der Vaart Decl., Ex. H [Doc. No. 25-1].)  Because Petitioner is now subject to a final removal order, his detention is mandated by 8 U.S.C. § 1231(a)(2), not § 1226(c).  Petitioner appealed the BIA's dismissal to the Eighth Circuit Court of Appeals and filed a motion for an emergency stay of removal.  (Second Van Der Vaart Decl. ¶ 10, Ex. I [Doc. Nos. 25, 25-2].)  The Eighth Circuit denied the motion for emergency stay of removal on October 23, 2018.  *Harding v. Sessions*, No. 18-3181, slip op. at 1 (8th Cir. Oct. 23, 2018).  The petition for review remains pending.

## II.     Analysis

A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release.  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  The right to petition for habeas relief is a foundational legal principle in the American system, *see* U.S. Const. art. 1 § 9, and has been recognized as "an integral part of our common-law heritage."  *Preiser*, 411 U.S. at 485.  Relevant here, 28 U.S.C. § 2241 confers jurisdiction on federal courts to hear habeas challenges to the lawfulness of immigration-related detentions.  *Zadvydas*, 533

4

U.S. at 687.  A district court may not review a discretionary decision made by immigration authorities, such as the decision to order that a noncitizen be removed to another country.  A district court may, however, review immigration-related detentions to determine if they comport with the demands of the Constitution.  *Id.* at 688.  Accordingly, the Court's task is not to second-guess decisions made within the discretion of an immigration authority, but to assess the constitutional permissibility of the detention itself.  *See Davies v. Tritten*, No. 17-cv-3710 (SRN/SER), 2017 WL 4277145, at *2 (D. Minn. Sept. 25, 2017).

### A.   Petitioner's Challenge to His Pre-Removal Detention Pursuant to § 1226(c) Is Moot

When Petitioner filed his Petition, he was in "pre-removal detention" and thus detained pursuant to 8 U.S.C. § 1226(c).  That statute "mandates detention during removal proceedings for a limited class of deportable aliens—including those convicted of an aggravated felony."  *Demore v. Kim*, 538 U.S. 510, 517–18 (2003).  When the BIA affirmed the IJ's removal order, Petitioner's order of removal became final, and the basis for his detention shifted from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1231(a).  Under § 1231(a), which applies to "post-removal detention," the Attorney General is required to detain aliens subject to a final removal order for a ninety-day period.  8 U.S.C. § 1231(a)(1)(A), (2).  Petitioner is currently detained pursuant to the post-removal detention statute.

The change in the statutory basis for Petitioner's detention moots his challenge to the length of his § 1226(c) detention.  *See, e.g.*, *Oyelude v. Chertoff*, 170 F. App'x 366, 367 & n.4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted on

5

June 23, 2004, when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231."); *Chuol v. Sessions*, No. 17-cv-4700 (JNE/TNL), 2018 WL 1598624, at *3 (D. Minn. Feb. 27, 2018) ("When Petitioner's order of removal became final on March 10, 2017, ICE's authority to detain Petitioner shifted from § 1226 to § 1231, thereby rendering moot Petitioner's claim challenging his detention under § 1226."), *R. & R. adopted*, 2018 WL 1587611 (D. Minn. Apr. 2, 2018); *Gahamanyi v. Baniecke*, No. 07-4007 (RHK/RLE), 2008 WL 5071098, at *10–11 (D. Minn. Nov. 24, 2008) ("Accordingly, Gahamanyi is now in post-removal detention, and any claim, insofar as it concerns his pre-removal detention, has become moot."); *Pyne v. U.S. Dep't of Homeland Sec.*, No. 07-0937, 2008 WL 940163, at *2 (D.N.J. Apr. 7, 2008) ("Because Petitioner is no longer detained pursuant to § 1226(c), as he was at the time he filed this Petition, and because he has asserted no challenge to his post-removal order detention pursuant to § 1231(a)(2), the challenge to his pre-removal order detention has become moot."). The only question for the Court concerning the length of Petitioner's detention is whether his detention pursuant to § 1231(a) is unconstitutional. *See Oyelude*, 170 F. App'x at 368.

### B.   Petitioner's Detention under § 1231 Is Lawful

When the BIA dismissed Petitioner's appeal on September 26, 2018, Petitioner's removal order became final. *See* 8 C.F.R. § 1241.1(a). The government is expressly authorized to detain Petitioner for a "removal period" of ninety days. *See* 8 U.S.C. § 1231(a)(1)(A), (2). The removal period begins on the latest of:

(i) The date the order of removal becomes administratively final.

6

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  An alien must be detained during the statutory removal period. *Zadvydas*, 533 U.S. at 683.  Because Petitioner's current detention falls within the ninety-day removal period, he is not entitled to release on the basis that his detention is unconstitutionally prolonged.

Moreover, when the ninety-day removal period ends, the government may continue detaining Petitioner if certain criteria are established.  *See* 8 U.S.C. § 1231(a)(6). "Once a person is finally ordered removed from the United States, it is presumptively constitutional for the government to detain him for a 6-month period."  *Sokpa-Anku v. Paget*, No. 17-cv-1107 (DWF/KMM), 2018 WL 3130681, at *3 (D. Minn. June 8, 2018) (citing *Zadvydas*, 533 U.S. at 701), *R. & R. adopted*, 2018 WL 3129002 (D. Minn. June 26, 2018).

For the above reasons, any challenge to the length of Petitioner's post-removal detention should be denied without prejudice.

### C. Applicability of *Sessions v. Dimaya*

Petitioner raises a question as to the propriety of his detention in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), specifically, whether his conviction was an "aggravated felony" as that term is defined in 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C.

7

§ 1101(a)(43)(E).[2]

In *Dimaya*, the Supreme Court considered the constitutionality of the residual clause of 18 U.S.C. § 16, which defined a "crime of violence." 138 S. Ct. at 1210–11. The term "crime of violence" is employed in § 1101(a)(43)(F) to define one type of "aggravated felony." 8 U.S.C. § 1101(a)(43)(F).[3] The INA lists several definitions of "aggravated felony," typically "by listing numerous offenses and types of offenses, often with cross-references to federal criminal statutes." *Dimaya*, 138 S. Ct. at 1211 (citing 8 U.S.C. § 1101(a)(43); *Luna Torres v. Lynch*, 136 S. Ct. 1619, 1623 (2016)). In *Dimaya*, the Court held that the definition of "crime of violence" contained in the criminal statute 18 U.S.C. § 16(b) was unconstitutionally vague. 138 S. Ct. at 1223.

But as clarified in Respondents' supplemental response, Petitioner was not charged with and found removable for committing an aggravated felony in the form of a "crime of violence," as that term is defined in 18 U.S.C. § 16(b) and incorporated into

---

[2] The term "aggravated felony" is defined by § 1101(a)(43)(E) as:

(E) an offense described in–

    (i) section 842(h) or (i) of Title 18, or section 844(d), (e), (f), (g), (h), or (i) of that title (relating to explosive materials offenses);

    (ii) section 922(g)(1), (2), (3), (4), or (5), (j), (n), (o), (p), or (r) or 924(b) or (h) of Title 18 (relating to firearms offenses); or

    (iii) section 5861 of Title 26 (relating to firearms offenses).

[3] The term "aggravated felony" is defined by § 1101(a)(43)(F) as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment at least one year is defined in § 1101(a)(43)(E)."

8

§ 1101(a)(43)(F). Rather, Petitioner was charged with and found removable for committing aggravated felonies in the form of firearms offenses under 18 U.S.C. § 922(g)(1) and (j), as incorporated into § 1101(a)(43)(E)(ii). (Second Van Der Vaart Decl., Ex. H at 2–3.) Thus, *Dimaya* is not applicable to Petitioner's case, and this ground for relief should be denied.

Petitioner argues for the first time in his reply that his prior convictions under § 922(g)(1) and (j) cannot be classified as "aggravated felonies" because they lack *mens rea* and the offense did not pose a risk of harm to others. (Reply to Resp. at 7–8.) This argument is not availing for two reasons. First, Petitioner's argument invokes the definition of "crime of violence" under 18 U.S.C. § 16(b), which, as discussed above, is not applicable to Petitioner's convictions. Second, Petitioner fails to account for the explicit statutory language that delineates convictions under § 922(g)(1) and (j) as aggravated felonies. *See* 8 U.S.C. § 1101(a)(43)(E)(ii). There is no exception for crimes lacking *mens rea*.

### D. Petitioner's Challenge to the Notice to Appear

Petitioner also argues for the first time in his reply that his removal proceedings should be terminated in light of the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Petitioner argues the removal proceedings are invalid because he was not served with a proper notice to appear. (Reply to Resp. at 4.)

Petitioner's argument is essentially a challenge to the validity of the removal order. The Court does not comment on the merits of this argument, however, because it clearly lacks subject matter jurisdiction over this claim. Federal district courts do not

9

have "habeas jurisdiction to review final orders" of removal. *Tostado v. Carlson*, 481 F.3d 1012, 1014 (8th Cir. 2007). Rather, "a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion." *Id.* It is not necessary to transfer the matter to the Eighth Circuit Court of Appeals, however, because Petitioner has already raised that ground for relief in his motion for an emergency stay of removal filed in the Eighth Circuit Court of Appeals. (*See* Second Van Der Vaart Decl., Ex. I at 2.)

### III. Conclusion

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED in part**, **DENIED WITHOUT PREJUDICE in part**, **DISMISSED AS MOOT in part**, and **DISMISSED FOR LACK OF JURISDICTION in part**, as set forth fully herein.

Dated: November 6, 2018         s/ *Hildy Bowbeer*
                                                  HILDY BOWBEER
                                                  United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the Report and Recommendation. A party may respond to the objections within fourteen days after being served with a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c)(1).